UNITED STATES DISTRICT COURT
for the

District of Massachusetts

|  |  |
|---|---|
| Hong Liang She,<br>Jie Tan,<br>*Plaintiff(s)*<br>-v-<br>Conghui Zheng<br>The Law Office of Edward Hung<br>The Law Office of Katherine J Bierwas<br>*Defendants* | Case No.<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR A CIVIL CASE**

I.     **The Parties**

   A. The Plaintiff(s)

   1.   Plaintiff Hong Liang Shen is a Sushi Chef, he currently works at 102 N Chauncey Ave Ste D West Lafayette, IN 47906, since July 2020, but remains a permanent NY resident with mailing address at 41-40 Union St, Apt 9F, Flushing, NY 11355.

   2.   Plaintiff Jie Tan was and is the attorney representing Hong Liang Shen in his divorce and has an office at 400 Tradecenter, STE 5900, Woburn, MA 01801, and is a New York resident with mailing address at 416 Benedict Ave, Apt 3E, Tarrytown, MA 10591. Telephone: 9783358335, email: jie.tan@jtlawservices.com

   B. The Defendants

   3.   Defendant No. 1

      Conghui Zheng is an waitress, she works in a MA restaurant, is a MA citizen with residence at 127 Oak Hill Rd, Pittsfield, MA 01201.

4. Defendant No. 2

    The Law Office of Edward Hung from which Edward Hung worked as the attorney representing Conghui Zheng from July 2020 to May 20, 2023, it is an entity of Massachusetts; it has an office address at 101 Arch Street, 8th Floor, Boston, MA 02110, telephone (617) 906-8689, attorney Eward Hung's email address is edward@hunglaw.com.

5. Defendant No. 3

    The Law Office of Katherine J Bierwas from which Katherine J Bierwas and Krista A Wroldson Miller are working as the attorneys representing Conghui Zheng since May 10, 2023, it is an entity of Massachusetts; it has an office address at 152 North Street, Suite 340, Pittsfield, MA 01201, Telephone: 413-770-7624 MA, attorney Katherine J Bierwas' and attorney Krista A Wroldson Miller's respective email addresses are katherinebierwas@bierwaslaw.com and kristawm@bierwaslaw.com.

## II. Basis for Jurisdiction

6.    Jurisdiction is based on both *Diversity* of Citizenship and Federal Question. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case; and under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.

This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

Venue in the United States District Court for the Massachusetts is proper pursuant to 28 U.S.C. § 1391.

7. **The Federal Question**

Under 42 U.S.C. § 1983, defendants Conghui Zheng and Edward Hung, working closely with the Berkshire Probate and Family Court, unconstitutionally deprived of plaintiff Hong Liang Shen's property without proper due process, violating the Fourteenth Amendment of the US Constitution.

**8.    Diversity of Citizenship**

8.1 The Plaintiff(s)

a.    By information and belief, Hong Liang Shen is a citizen of China, currently a permanent resident of New York State.

b.    Jie Tan is a US citizen, a resident of New York State.

8.2 The Defendant(s)

a.    By information and belief, Conghui Zheng is a US citizen and resident of Massachusetts.

b.    By information and belief, the Law Office of Edward Hung is an entity of Massachusetts.

c.    By information and belief, the Law Office of Katherine J Bierwas is an entity of Massachusetts.

8.3  The Amount in Controversy

The amount in controversy is more than $75,000, not counting interest and costs of court, because: (1) the unpaid divorce judgment by Conghui Zheng is $85,309; (2) cost of prolonged litigation may reach $75,000; (3) emotional distress and professional loss may reach more than $150,000 for 2 years; (4) penalty for fraud, deprivation of due process, abuse of process, and contempt can be more than $200,000.

**III.    Statement of Claims**

# CLAIM I

## Deprivation of Both Procedural and Substantive Due Process Right and Property in Violation of the 14th Amendment Pursuant to 42 U.S.C. § 1983 Against Conghui Zheng, Law Office of Edward Hung

9. Plaintiff Hong Liang Shen and Defendant Conghui Zheng were married in Massachusetts on May 20, 2012. They lived at 127 Oak Hill Rd, Pittsfield, MA 01201 since February 3, 2012.

10. On July 6, 2020, Hong Liang Shen and Conghui Zheng had an argument, Conghui Zheng filed a restraining order against Hong Liang Shen, Hong Liang Shen was ordered to leave the house. Conghui Zheng and her two adult children from her prior marriage took occupancy of the house.

11. On July 8, 2020, Defendant Conghui Zheng filed a Complaint for Divorce in Berkshire County Probate and Family Court, Massachusetts. Jie Tan was the attorney representing Hong Liang Shen, and Edward Hung was the attorney representing Conghui Zheng.

12. The only disputed issue in the divorce was the division of the marital house. To save litigation cost, Plaintiff Hong Liang Shen initially filed a motion to compel the sale of the house in February 2021.

13. Defendant Conghui Zheng through Edward Hung filed an affidavit with the Berkshire Probate and Family Court that the house was her premarital property and filed opposition against selling the house.

14. Berkshire County Probate and Family Court ("Berkshire Court") was convinced and allowed Conghui Zheng retaining the house while the trial was pending from July 8 2020 to December 2022.

15. The Berkshire Court issued a discovery order on Feb. 10, 2021 that all discoveries should be completed before June 11, 2021.

16. On **March 3, 2021**, Hong Liang Shen and Attorney Jie Tan hired a real estate appraiser who appraised the house fair market value to be $263,000 as of March 3, 2021.

17. On June 14, 2021 was a pretrial scheduling order of June 10, 2021 docketed, in which Judge Dacyczyn issued a **coercive pre-trial scheduling order** that **the parties may be ordered to immediate trial if the parties would be the only witnesses**. EXHBIT 1.

18. Anticipating a trial date soon, On August 9, 2021, Hong Liang Shen and Conghui Zheng reached a pre-trial stipulation that $263,000.00 was then the fair market value of the house

and that the house was a marital property, and the division of the house equity was the only issue in dispute.

19. Below Shows **Excessive Enforcement of the Scheduling Order by the Judge and Court Clerks against Plaintiff Jie Tan**

20. At the pretrial conference on August 9, 2021, for Hong Liang Shen, Jie Tan **listed three witnesses**: Hong Liang Shen, his father in China and his prior restaurant owner. Edward Hung listed Conghui Zheng as **the only witness**.

21. At the August 9, 2021 pretrial conference, Jie Tan asked judge David J Dacyczyn when the trial date might be, **Judge Dacyczyn appeared annoyed**, **he winked to Edward Hung** and **said that he did not know**, apparently unhappy with Jie Tan listing three witnesses. The Judge allocated only one day for the trial.

22. After waiting for two months, still no trial date was received. Jie Tan sent a demand for settlement to defendant Edward Hung. No response was received from Edward Hung.

23. On November 23, 2021, Jie Tan efiled a Request for Trial Date using a Standard Form of Probate and Family Court. **EXHIBIT 2**.

24. On or upon November 25, 2021, after two days, when there was no acceptance of the filing, Jie Tan called the Berkshire Court phone line and asked the clerk who answered whether a paper filing was required, immediately the **court clerk sounded irritated** and said that she would check with the Registrar.

25. About one minute later, Jie Tan received a call back from Registrar Anthony P Patella, he told Jie Tan that if she was going to mail the request, he would order the e-filed Request be rejected.

26. Feeling **this response not making sense**, Jie Tan asked Registrar Anthony P Patella whether **his decision of rejection of the filing was** a **retribution** upon the inquiry about the filing status. Registrar Anthony P Patella apologized.

27. However, on **November 26, 2021** the efiled Request was still rejected for docketing, disobeying Mass. R. Civ. P. 79(a) that all filings must be docketed. **EXHIBIT 3**.

28. **On December 1, 2021**, Berkshire docketed another scheduling order of **November 15, 2021**, apparently **backdated,** because no such order was mentioned during the phone call. The scheduling order referred the case to Berkshire County Family Court Conciliation Program, and no trial date was provided.

29. On December 16, 2021, the conciliation program was re-scheduled to January 27, 2022.

30. On **January 24, 2022, Judge Dacyczyn conducted <u>a status conference with Edward Hung alone</u>, without the presence of Jie Tan,** and issued another scheduling order to have a status conference on February 24, 2022, but no trial date was provided.

31. On January 27, 2022, no agreement was reached in the conciliation program.

32. Below shows that **Defendants Edward Hung and Conghui Zheng Colluded with the Excessive Enforcement of the Scheduling Order by the Judge and Court Clerks**

33. On February 14, 2022, Edward Hung filed a continuation for the status conference to March 8, 2022 which Jie Tan consented.

34. Before the status conference on March 8, 2022, Jie Tan emailed Edward Hung that the **previous appraisal no longer was agreed**, requested a **re-appraisal**. Edward Hung and Conghui Zheng were aware that the estimate of the marital house on Zillow.com was $340,000 on March 8, 2022. **EXHIBIT 4**.

35. On March 8, 2022, Judge **Dacyczyn** conducted another scheduling conference, during which both parties stated the house value was changed. Judge Dacyczyn ordered that the case proceeded to trial, **but no trial date was provided**.

36. On March 8, 2022, Jie Tan contacted the appraiser to schedule another appraisal appointment.

37. On March 10, 2022, Jie Tan emailed Edward Hung about the accessibility of the marital house for a new appraisal. On March 10, Edward Hung notified Jie Tan that Conghui Zheng was considering the $100K buyout offer.

38. On March 15, 2022, in responding to Jie Tan's following up about accessing the marital house for a new appraisal, defendant Edward Hung stated that defendant Conghui Zheng was willing to resolve all issues sooner, so the scheduled time for new appraising was canceled.

39. On April 1, 2022, at the 4-way meeting, Conghui Zheng was not considering the $100K buyout at all, and she insisted that <u>she paid for the entire down payment of the house</u>.

40. **Uncertain** when a trial date would be available and the estimate of the house value on Zillow.com reached $340,000, and the prior appraisal of March 3, 2021 was apparently outdated, Jie Tan decided to resolve issue of the house value through the market not through trial, on April 13, 2022, Jie Tan filed another motion to compel the sale of the house, defendants Conghui Zheng and Edward Hung **again opposed**.

41. On May 11, 2022, Berkshire Court denied Jie Tan's motion and allowed the case to proceed to trial, **but no trial date was provided**.

42. With no trial date in sight, **<u>on August 29, 2022</u>**, Jie Tan notified Edward Hung that she was going **for vacation from September 4 to September 11, 2022**.

43. **Docketed on September 12, 2022, on September 8, 2022**, Lisa McCormack, the case manager of Berkshire Family Court suddenly **issued a trial date order** to be on **October 4, 2022**. EXHIBIT 5.

44. Plaintiff Jie Tan did not receive the order until September 18, 2022.

45. Below Shows **Excessive Enforcement of the Trial Date Order by the Judge and Court Clerks against Plaintiff Jie Tan and Edward Hung's Collusion with the Judge and Clerks**

46. After contacting the appraiser without success, on **September 23, 2022**, **Jie Tan filed a motion to continue the trial**.

47. Even though the judge knew that Hong Liang Shen needed time to travel from the Chicago area in IL, **Judge Dacyczyn did not decide on the motion.**

48. On September 26, 2022, Attorney Jie Tan sent another email to Edward Hung for the appraiser to access the marital house on October 11, 2022.

49. Defendant Edward Hung **did not respond to Jie Tan's emails**.

50. Four days after Jie Tan's motion to continue, on **September 27, 2022**, Edward Hung filed **opposition to continue the trial date**, stating that **he waited for 15 months** and was ready for trial. He knew that Jie Tan was on vacation until September 11, 2022.

51. **Defendant Edward Hung never conducted any discoveries during the entire time**.

52. Right after Edward Hung's opposition, on September 28, 2022, Judge **Dacyczyn allowed** Edward Hung's opposition and **denied continuing the trial date reasonably requested by Jie Tan, stating that the house value was not disputed**. But the judge knew the house value **was disputed**.

53. On **September 28, 2022**, Jie Tan filed a series of Emergency Motions (1) To Stay the Trial Date; (2) To re-appraise the marital house and add expert witness; (3) To reopen discovery.

54. On **September 29, 2022**, Jie Tan filed another series of **Emergency Motions** (1) **for Hong Liang Shen to Appear remotely**; (2) **To Modify the Stipulation of the Pretrial Conference**.

55. But Judge Dacyczyn refused to decide on any of the emergency motions by Jie Tan **until October 4, 2022, the trial time**.

56. Below Shows that **Defendants Edward Hung and Conghui Zheng Actively Colluded with the Judge and Court Clerks to Deprive Plaintiff Hong Liang Shen's 14th Amendment Right.**

57. On October 4, 2022, due to insufficient time to request leave from work (Judge denied the motion to continue on September 28 and an expectation that the Judge might allow for

remote appearance) Hong Liang Shen, living in Chicago, Illinois, could not and did not personally arrive at the courthouse in Pittsfield, MA.

58. Upon learning Hong Liang Shen's inability to arrive the court in person, Edward Hung **actively opposed** the Jie Tan's **emergency motions for Hong Liang Shen <u>to testify</u> via telecommunication means**, in support of his position, he told the court that there was a **criminal arrest warrant** on Hong Liang Shen; Edward Hung **actively advocated Judge Dacyczyn to deprive the due process and equal protection rights of Hong Liang Shen under the 14th Amendment**.

59. Judge **David J. Dacyczyn granted Edward Hung's opposition and denied Hong Liang Shen's due process rights under the 14th Amendment.**

60. **Below Shows that Defendants Edward Hung and Conghui Zheng Colluded with the Judge and Court Clerks by Submitting Fraudulent Testimony, and Deprived the Equal Protection Right of Hong Liang Shen under the 14th Amendment**

61. At the trial, defendant Edward Hung called Conghui Zheng to testify for the house value using <u>the appraisal of</u> **March 3, 2021, knowing Jie Tan could not challenge without Hong Liang Shen's testimony or an expert's testimony**. Edward Hung also used unauthenticated documents as evidence.

62. Judge **David J. Dacyczyn denied Jie Tan's** numerous objections over Conghui Zheng's testimony regarding the fair market value of the house and the unauthenticated Exhibits. Judge Dacyczyn also denied Jie Tan's post-trial motion to strike Conghui Zheng's testimony.

63. Judge David J. Dacyczyn entered Divorce Judgement on December 7, 2022, based on **Conghui Zheng's testimony alone**, **Hong Liang Shen was deprived of his right to contest** the fair market value of the house; the judge's determination of the marital house value of $263,000 was based on **an arbitrary date**, more than **17 months before** the trial date.

64. The judge ordered that Conghui Zheng should retain all ownership of the house, should make a fixed payment of **$85,309 as Hong Liang Shen's equal share of the house before** March 15, 2023, or upon the sale of the house after March 15, 2023. **EXHIBIT 6.**

65. In so doing, Judge Dacyczyn, Edward Hung and Conghui Zheng violated MA SJC ruling in <u>Connor v. Benedict</u>, 481 Mass. 567, 576, 118 N.E.3d 96 (2019) "except where warranted by the circumstances of a particular case, **the valuation date typically** is the **date of trial**."

66. **After being severely abused by the Berkshire Family Court and defendants Conghui Zheng and Edward Hung,** Jie Tan and Hong Liang Shen abandoned the appeal from the Divorce Judgment.

67. However, instead of making payment under the Divorce Judgment, on January 30, 2023, Conghui Zheng and Edward Hung listed the house for sale on the market for $379,000. Hong Lianf Shen was cooperative in listing the house for sale.
68. In March 2023, Conghui Zheng was able to secure an offer for $354,900.00, but Conghui Zheng and Edward Hung refused to comply with the divorce judgement and canceled the sale at the last hour.
69. Upon the new evidence of in fact the market value of the marital house, Jie Tan filed a Rule 60 motion to vacate or modify the divorce judgment, but Berkshire Family Court refused to docket the exhibit of the house P&S agreement as evidence in support of the motion.
70. Judge David J. Dacyczyn **denied** Jie Tan's Rule 60 motion to vacate or modify the divorce judgment under Rule 59 as untimely without hearing.
71. Because the Berkshire Family Court **refused to docket** of the submitted exhibit in Jie Tan's motion, the Appeals Court denied Jie Tan's Appeal from Judge Dacyczyn's denial in July 2024, asserting that no evidence was submitted.
72. Conghui Zheng and Attorney Edward Hung **actively colluded** with Judge David J. Dacyczyn in violating Hong Liang Shen's Due Process Constitutional Right under the Fourteenth Amendment, and in enforcing the state family law, wrongfully deprived Hong Liang Shen's property.
73. As a result of Conghui Zheng and Edward Hung's willful **collusion with the retaliations of** Judge David J. Dacyczyn against Jie Tan, and in violation of the Hong Liang Shen's 14th Amendment the Constitutional Rights, combining with the subsequent malicious prosecution, plaintiff Jie Tan suffered great emotional distress and **lost confidence** in Massachusetts courts.
74. Although Judges and law clerks may have immunity against awarding financial damages, under _Dennis v. Sparks_, 449 U.S. 24 (1980) that the "court ruled that there **was no good reason** in law, logic, or policy for conferring immunity on private persons **who persuaded** the immune judge to **exercise his jurisdiction corruptly"**.
75. In _Supreme Court of Virginia v. Consumers Union of United States_, 446 U.S. 719 (1980) the Court held that the Virginia Court was a proper defendant brought under § 1983 because it possessed enforcement powers, and the private party Virginia State Bar was a proper defendant for attorney fees.
76. Proper relief from the willful wrongdoings of defendants Conghui Zheng and Edward Hung is requested.
77.

## CLAIM II

## Malicious Prosecution Against All Defendants

78. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

79. On information and belief, Conghui Zheng and Edward Hung provided false information or police report to the Pittsfield district court to place a criminal arrest warranty on Hong Liang Shen.

80. Conghui Zheng and Edward Hung **usurped the Pittsfield district court's arrest warrant** to suppress Hong Liang Shen's rights to testify in his own trial.

81. Conghui Zheng and Edward Hung willfully submitted to the court over Jie Tan's numerous objections an **outdate house appraisal** that Hong Liang Shen had rejected in March 2022, with the Judge's explicit cooperation, as evidence, knowing that the appraisal no longer held true.

82. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the personal rights of Plaintiffs, with an ulterior motivation to unlawfully deprive Hong Liang Shen's property.

83. As a result of Edward Hung's willful malicious prosecution, the Berkshire Court deprived Hong Liang Shen's property, both Hong Liang Shen and attorney Jie Tan suffered great emotional distresses and loss of professional reputation and loss of confidence in Massachusetts courts.

84. The Divorce Judgement of December 7, 2022 ordered Conghui Zheng to pay $85,309 buyout payment to Hong Liang Shen before March 15, 2023; and after March 15, 2023, Conghui Zheng shall place the martial house on the market for sale and pay Hong Liang Shen $85,309 buyout. **EXHIBIT 6**.

85. The Divorce Judgement of December 7, 2022 ordered Conghui Zheng to close the joint account within 30 days of the Judgment.

86. On January 17, 2023, Jie Tan filed a complaint against Judge Dacyczyn to the Commission on Judicial Conduct. **EXHIBIT 7**.

87. Ater the investigation by the CJC, in May 2023, **Judge Dacyczyn was transferred to another county**.

88. Conghui Zheng under the advice of Edward Hung, failed to make $85,309 payment to Hong Liang Shen, but placed the house on market for sale on January 30, 2023.

89. Conghui Zheng hired Robin Moore as the real estate broker and listed the house at $379,000 in the market.

90. On March 28, 2023, Robin Moore secured an offer of $354,000 for the house for closing on April 26, 2023.

91. On April 21, 2023, Hong Liang Shen through Attorney Jie Tan filed a motion to amend the Judgment of Divorce pursuant to Domestic Relations Procedure Rule 60(b)(1)-(4).

92. Berkshire Family court was in mode of **full retaliation**, case manager Lisa McCormick did not schedule a hearing for Jie Tan's motion, and the clerk refused to docket the exhibit submitted in the motion.

93. Case manager Lisa MacCormick submitted Hong Liang Shen's Rule 60 motion to amend and vacate the Judgement of Divorce to Judge Dacyczyn who again corruptly denied the motion under Rule 59 as untimely on May 10, 2023 without hearing.

94. **On May 19, 2023**, Hong Liang Shen through Jie Tan filed a **notice of appeal** from Judge Dacyczyn's denial of their Rule 60 motion.

95. On April 26, 2023, Hong Liang Shen executed a limited Power of Attorney to authorize real estate attorney Michael J Shepard hired by Conghui Zheng to conduct the house sale closing with the buyers, the limited POA did not authorize him to disburse payment to either Conghui Zheng or Hong Liang Shen at the time of closing.

96. On April 26, 2023, attorney Michael J Shepard **voided the POA** and stated that he could not represent Hong Liang Shen at the closing.

97. **On April 26, 2023**, with **no actual agreement** from the house buyers, **Hong Liang Shen executed deed** and **all the closing documents on April 27, 2023** and delivered the closing documents via Fedex to the buyers' real estate attorney.

98. On April 27, 2023, **one hour before the closing to take place**, Edward Hung instructed Michael J Shepard **not** to deliver the deed to the buyers.

99. On April 27, 2023, the house sale was canceled, and the buyers terminated the Purchase and Sales agreement.

100. On April 28, 2023, Hong Liang Shen and Jie Tan filed complaint for Contempt in the Berkshire Court.

101. On April 28, 2023, **Conghui Zheng took the house off the market** and **did not place it in the market until October 30, 2023.**

102. Upon Hong Liang Shen and Jie Tan's Complaint for Contempt on April 28, 2023, Edward Hung withdrew from representing Conghui Zheng.

103. Attorney Katherine J Beirwas and Attorney Krista A Wroldson Miller filed notice of appearance as the attorneys representing Conghui Zheng on May 10, 2023.

104. On **June 6, 2023**, Attorney Katherine J Beirwas filed **a Rule 70 motion** in an attempt to remove Hong Liang Shen from the marital house's deed signatories.

105. On June 29, 2023, Attorney Katherine J Beirwas filed a Complaint for Contempt against Hong Liang Shen alleging Hong Liang Shen not signing re-financing documents of Conghui Zheng.

106. On July 27, 2023, case manager **Lisa McCormack** joined with Katherine J Bierwas in attempt to obtain an emergency hearing on their Rule 70 Motion, albeit unsuccessfully. **EXHIBIT 8**.

107. On September 28, 2023, Judge Dana Doyle conducted a hearing on both the Complaint for Contempt filed by Hong Liang Shen and the Complaint for Contempt by Conghui Zheng. And during the hearing, attorney Krista A Wroldson Miller **falsely told** the judge that the **voided POA** signed by Hong Liang Shen given to Conghui Shen's real estate attorney frustrated the closing of the house sale.

108. **Docketed on October 10**, 2023, Judge Dana Doyle issued **a coercive enforcement judgment** even though it was CongHui Zheng who clearly and intentionally disobeyed the divorce judgment. **EXHIBIT 9**.

109. In the order, Judge Dana Doyle ordered that Hong Liang Shen and Conghui Zheng (1) shall cooperate to sell the house, neither party shall delay or frustrate the sale of the house; (2) shall **forthwith** execute a listing agreement with **the previously agreed** upon realtor; (3) if **the selling price could not** be agreed upon, the listing price shall be the fair market value **determined by the realtor**; (4) the parties shall follow **all recommendations** of the realtor regarding negotiating and **terms** of the Purchase and Sales agreement; and (5) Hong liang Shen shall receive **$85,309** at such the time as the house was sold. No interest payment for Conghui Zheng's willful nonpayment pursuant to the divorce judgement. The Judgment also **pre-positioned** to take away from Hong Liang Shen's property rights without probable cause, **violating Hong Liang Shen's 4th amendment right**. **EXHIBIT 9.**

110. On October 10, 2023, the prior realtor Robin Moore emailed her listing agreement to Jie Tan for Hong Liang Shen to sign, the marital house's listing price was $359,900.

111. On **October 13, 2023**, Jie Tan filed **a notice of appeal** to appeal from the **no contempt** finding on Conghui Zheng.

112. Jie Tan also filed a motion to stay the Divorce Judgment in an attempt to avoid the issue of clouding the title by the Appeal from Judge Dacyczyn's denial of the Rule 60 motion.

113. On **October 16, 2023**, while attorney Jie Tan and Hong Liang Shen were still reviewing Robin Moore's listing agreement and asking questions to make sure that the realtor would remain neutral as a seller agent during the appeal process.

114. On **October 16, 2023**, Attorney Katherine J Beirwas emailed Jie Tan demanding signing Robin Moore' listing agreement on that day, **with threats for** another Complaint for Contempt based on Judge Dana Doyle's **coercive order**.

115. On **October 16, 2023**, Attorney Krista A Wroldson Miller filed **a second Complaint for Contempt**, which was docketed on October 19, 2023, alleging that the plaintiff refused to sign a Purchase and Sales agreement when there was **no P&S agreement,** the complaint was **before the Appeal period** expired under Mass R Civ. P 62(a)**.**

116. **On October 30, 2023,** Hong Liang Shen **executed the listing agreement** with Robin Moore after she assured that the current listing agreement was the same as that previously signed on January 28, 2023.

117. On **November 7, 2023**, Attorney Katherine J Beirwas refused to withdraw the Complaint for Contempt after Jie Tan requested and informed her that the Complaint when Judge Dana Doyle's coercive order was already complied, and there was **no Purchase and Sales agreement** nor any offer, and the Listing Agreement **was duly executed within forthwith time**.

118. In the meantime, **Lisa McCormack,** the case manager of Berkshire Family Court, went into fully retaliatory mode. She **refused** to provide Notice of Assembly of Record for Appeal for the Notice of Appeal filed on **October 13, 2023.**

119. Only after Jie Tan's warning of reporting to the Trial Court Committee for administrative misconduct and a motion to compel for Notice of Assembly of Record for Appeal, **EXHIBIT 10,** Lisa McCormack docketed the motion and provided Notice of Assembly of Record for appeal on December 13, 2023.

120. On November 20, 2023, Judge Dana Doyle conducted a hearing and found that there was **no contempt** because the listing agreement was executed, and there was **no evidence** that the **listing price was a fair market price**. However, Dana Doyle scheduled further hearing because Katherine J Beirwas **fabricated a <u>price</u> disagreement** on reduction of the listing price. **EXHIBIT 11**.

121. On December 18, 2023, Judge Dana Doyle **conducted another hearing** regarding the listing price, for which Defendant Katherine J Beirwas asked Robin Moore to testify that the fair market price was **$317,000**, $40,000 less than the initial listing price also suggested by Robin Moore, against her own client's financial interest.

122. On December 20, 2023, **usurping the power** that the **court does not have in commanding contract terms with non-parties**, Judge Dana Doyle ordered the house to be listed for sale **only a**t $317,000.00.

123. Despite such, Hong Liang Shen **executed** the new listing agreement by real estate agent Robin Moore on the same day of the court order.

124. On January 3, 2024, Robin Moore again submitted a **fraudulent** Purchase & Sale agreement for **$317,000.00** by a buyer named Kate Hopper, but listed herself as a **buyer agent**, another real estate agent as the seller agent, with a **mere $1000** dollar deposit, and buyer's **street address was a vacant lot**.

125. At the time most real estate properties in the neighborhood were selling at a price of $370,000, and because the new **coercive order was under appeal** which clouded the title, Jie Tan added a disclosure in the P&S about the status of the appeal, but Hong Liang Shen executed the P&S with objection that Robin Moore was a buyer agent.

126. On January 3, 2024, Katherine J Beirwas immediately emailed Lisa McCormack about Jie Tan's note in P&S, Lisa McCormack sent **a scathing scolding email beyond her authority and jurisdiction** against Jie Tan. **EXHIBIT 12**.

127. On **January 3, 2024**, Katherine J Beirwas obtained an **emergency rule 70** hearing within **one hour with the joined action of Lisa McCormack**. **EXHIBIT 13.**

128. On **January 4, 2024**, Robin Moore sent a corrected P&S, relisted herself as the seller agent which Hong Liang Shen fully executed without adding any word in the P&S agreement.

129. On **January 4, 2024**, Attorney Katherine J Beirwas admitted at the hearing that submitted P&S was an error, and even though Hong Liang Shen already executed the corrected P&S given by Rubin Moore, Judge Dana Doyle issued a further **coercive order finding Hong Liang Shen in Contempt** of her coercive order of September 28, 2023, and removed Hong Liang Shen from signatories, appointed attorney Jennifer Breen to sign all sales documents on behalf of Hong Liang Shen. **EHXIBIT 14**.

130. The Coercive Contempt Order was **emailed within one hour of the hearing** by **Lisa McCormack**, electronically signed by the Judge, apparently it was prepared before the hearing. **EXHIBIT 14**.

131. The Order was **not** docketed **until January 8, 2024**, with no factual findings, only legal conclusion. **EXHIBIT 14.**

132. But Katherine J Beirwas immediately removed Hong Liang Shen from executing the P&S, had Jennifer Breen executed the P&S agreement on **January 5, 2024, without an effective court order**, and this signed P&S lacked signature authentication of the buyer.

133. On January 12, 2024, Attorney Katherine J Beirwas filed a **motion for attorney fee** under the Contempt Order.
134. On January 16, 2024, the named buyer of January 3, 2024 cancelled the P&S agreement without providing any reason.
135. On **April 1, 2024**, Attorney Katherine J Beirwas **removed the sale of the property from the market**, alleging that the title of the house was clouded by the appeals filed by Jie Tan.
136. Attorney Katherine J Beirwas **previously opposed** the stay of the Divorce Judgment, knowing the appeals clouded the title of the house.
137. Through the acts of Conghui Zheng's and office of Attorney Katherine J Beirwas, **no equity money of the house has been paid** to Hong Liang Shen under the divorce judgment.
138. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the personal rights of Plaintiffs, with an ulterior motivation to deprive Hong Liang Shen's property and to punish attorney Jie Tan for filing appeals against the frivolous complaint.
139. As a result of the willful acts of the law office of Katherine J Beirwas, Hong Liang Shen suffered loss of property rights, and attorney Jie Tan suffered great emotional distresses and loss of professional reputation and loss of confidence to Massachusetts courts.

## CLAIM III
### Intentional Interference of Contract
### Against Conghui Zheng and Law Office of Katherine J Bierwas

140. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.
141. Attorney Katherine J Beirwas intentionally usurped the court to interfere with the contract between Hong Liang Shen and real estate agent Robin Moore, that Hong Liang Shen was not allowed to negotiate any terms with Robin Moore.
142. Attorney Katherine J Beirwas intentionally usurped the court beyond the court's authority to interfere with the contract between Hong Liang Shen and the buyer by the name Kate Hopper, forbidding Hong Liang Shen to negotiate terms and to disclose the status of the clouded title.
143. As a result of the willful acts of the law office of Katherine J Beirwas, Hong Liang Shen suffered loss of property rights, and attorney Jie Tan suffered great emotional distresses and loss of professional reputation and loss of confidence to Massachusetts courts.

## CLAIM IV
### Fraud
**Against Conghui Zheng and Law Office of Katherine J Bierwas**

144. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

145. Attorney Katherine J Beirwas intentionally submitted a fake Purchase & Sale agreement for $317,000.00 by a buyer Kate Hopper with a fake address, as support for her emergency rule 70 motion hearing.

146. As a result of the willful acts of the law office of Katherine J Beirwas, Hong Liang Shen suffered loss of property rights, and attorney Jie Tan suffered great emotional distresses and loss of professional reputation and loss of confidence to Massachusetts courts.

## CLAIM V
### Contempt
**Against Conghui Zheng and Law Office of Katherine J Bierwas**

147. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein.

148. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the personal rights of Plaintiffs, with an ulterior motivation to deprive Hong Liang Shen's property and to punish attorney Jie Tan for filing appeals against the frivolous complaint.

149. As a result of the willful acts of the law office of Katherine J Beirwas, the Divorce Judgment has been intentionally disobeyed and Conghui Zheng has not paid any equity of the house owed Hong Liang Shen.

## CLAIM VI
### Deprivation of Substantive Due Process Right of 14th Amendment, 4th Amendment Right Against Unreasonable Seizure, and 5th Amendment Right Against Taking without Just Compensation Pursuant To 42 U.S.C. § 1983
**Against Conghui Zheng and Law Office of Katherine J Bierwas**

150. Plaintiffs hereby incorporate the preceding allegations as if fully rewritten herein, all exhibits remain the same as previously filed, are hereby incorporated by reference.

151. On May 19, 2023, Hong Liang Shen through Jie Tan **filed a notice of appeal from Judge Dacyczyn's denial of their Rule 60 motion**.

152. Below Shows that **Lisa McCormack Was Fully Retaliatory Beyond Her Administrative Official Duty**

153. **Lisa McCormack**, the case manager of Berkshire Probate Court, **went fully retaliatory mode.** She refused to schedule motion to stay hearing, refused to provide Notice of Assembly of Record for Appeal for the Notice of Appeal filed on **October 13, 2023**. She only complied after Jie Tan filed a motion to compel the Notice of Assembly of Record for Appeal on **December 14, 2023**. *see* **EXHIBIT 10**.

154. Below Shows **Katherine J Bierwas Colluded with Lisa McCormack**

155. Multiple emails show that Lisa McCormack and Katherine J Bierwas were colluding with each other in obtaining emergency hearings and contempt judgment through fraudulent documents. *See* **EXHIBIT 8 & 12**.

156. On both July 27, 2024 and January 3, 2024, Katherine J Beirwas emailed Lisa McCormack first to obtain an emergency hearing schedule.

157. Lisa McCormack sent a hostile email against Jie Tan beyond her authority**.** *See* **EXHIBIT 12**.

158. Even though Hong Liang Shen already executed the new corrected P&S given by Rubin Moore without any note on it, Judge Dana Doyle issued a further coercive contempt judgment under the influence of Lisa McCormack with fabricated findings. *See* **EXHIBIT 14**.

159. Below Shows that **Hong Liang Shen's Property Rights Were Deprived Under the Fourteenth Amendment and the Fourth Amendment and the 5th Amendment**

160. The **Coercive Contempt Order** of January 4, 2024 by Judge Dana Doyle as part of law enforcement is a state act under the scrutiny of section 1983, was fraudulently obtained and ordered Hong Liang Shen to pay for the court assigned attorney who has no contract relationship with the Hong Liang Shen.

161. Katherine J Beirwas and Lisa McCormack co-conspired and generated an entirely false contempt finding and order using fraudulent documents and false statement, which seized Hong Liang Shen's property without a probable cause.

162. As a result of joined conspiratorial actions together with Judge Dana Doyle's willful abusive usage of her judicial power, plaintiff Hong Liang Shen was deprived of his property rights under substantive due process right under the 14th Amendment, his right against unreasonable seizure under the 4th amendment, and his right against taking without just compensation under the 5th Amendment.

163. Although Judges and law clerks may have immunity against awarding financial damages, under *Dennis v. Sparks*, 449 U.S. 24 (1980) that the "court ruled that there was no good

reason in law, logic, or policy for conferring immunity on private persons who persuaded the immune judge to exercise his jurisdiction corruptly".

164. In *Supreme Court of Virginia v. Consumers Union of United States*, 446 U.S. 719 (1980) the Court held that the Virginia Court was a proper defendant in a coercive action brought under § 1983 because it possessed enforcement powers, and the Virginia State Bar was a proper defendant for attorney fees.

165. Proper relief from the willful wrongdoings of defendants Conghui Zheng and law office of Katherine J Bierwas is requested.

## IV.     Relief

WHEREFORE, Plaintiffs prays for the following relief:

A. On their first and fifth claim, a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, and other proper declaratory and injunctive reliefs, jointly and severally against Defendant Conghui Zheng and the Law Office of Edward Hung, and the Law Office of Katherine J Bierwas.

B. On their second, third, fourth claim, a judgment for compensatory and punitive damages in an amount to be determined at trial, jointly and severally against all Defendants.

C. On their fifth claim, a judgment for compensatory damages, with a minimum amount of the $85,309 judgment plus 12 percent (12%) of the principal, against Defendant Conghui Zheng, and attorney fee and penalty against the Law Office of Katherine J Bierwas;

D. A jury trial on all appropriate issues;

E. An award of costs and expenses against all Defendants;

F. Any and all other relief this Court may deem appropriate.

G. Penalties against all defendants for their willfulness.

## Demand Trial by Jury

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   March 14, 2025

Signature of Plaintiff: _Hong Liang Shen_ (signature) attached by Jie Tan with permission
Hong Liang Shen

Date of signing:   March 14, 2025

/s/ Jie Tan

Signature of Plaintiff and Attorney
Jie Tan
Mass Bar# 666462
JT LAW Office
901 N. Broadway, STE 20
White Plains, NY 10603
Tel: 9783359335
Jie.tan@jtlawservices.com